The People of the State of New York, Respondent, v Brian Watkins, Appellant. (Appeal No. 1.) [768 NYS2d 877]—

Appeal from a judgment of Supreme Court, Erie County (Buscaglia, J.), entered June 16, 2000, convicting defendant upon his plea of guilty of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]). In appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the third degree (§§ 110.00, 140.20). Defendant contends with respect to both appeals that he was denied effective assistance of counsel because his initial attorney had a potential conflict of interest. That contention does not survive defendant's pleas of guilty where, as here, "[t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea[s] because of his [initial] attorney['s] allegedly poor performance" (*People v Burke,* 256 AD2d 1244, 1244 [1998], *lv denied* 93 NY2d 851 [1999]). The record establishes that defendant's initial attorney informed Supreme Court of the potential conflict of interest during a pretrial conference, whereupon the court immediately

brought the potential conflict to defendant's attention and assigned new counsel. Defendant's new counsel discussed the plea offers with defendant and recommended the same course of action. Although defendant stated that he was displeased with his initial attorney's failure to inform him sooner of the potential conflict, he nonetheless unequivocally stated that he wished to accept the plea offers. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Gorski, JJ.