■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT BATJER, Appellant. [908 NYS2d 285]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered July 27, 2007. The judgment convicted defendant, upon a nonjury verdict, of body stealing (eight counts), opening graves (eight counts), unlawful dissection of a human body (eight counts) and scheme to defraud in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, eight counts each of body stealing (Public Health Law § 4216), opening graves (§ 4218) and unlawful dissection of a human body (§ 4210-a). Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence inasmuch as he failed to move for a trial order of dismissal at the close of the People's case (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, we reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Moreover, viewing the evidence in light of the elements of the crimes in this

nonjury trial (*see e.g. People v Mosley*, 59 AD3d 961, 962 [2009]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to the contention of defendant, he was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). In light of our determination that the evidence is legally sufficient to support the conviction, defendant thus has "failed to demonstrate that his 'contention [with respect to the legal sufficiency of the evidence] would be meritorious upon [our] review' " (*People v Martinez*, 73 AD3d 1432, 1433 [2010]). We have considered defendant's remaining contentions concerning the alleged shortcomings of defense counsel and conclude that they are without merit.

Defendant further contends that the indictment should be dismissed pursuant to the "good faith" exception set forth in Public Health Law § 4306 (3). We reject that contention. Section 4306 (3) provides that "[a] person who acts in good faith *in accord with the terms of [article 43]* or with the anatomical gift laws of another state is not liable for damages in any civil action or subject to prosecution in any criminal proceeding for his [or her] act" (emphasis added). Here, defendant was prosecuted under article 42 of the Public Health Law, governing the treatment of cadavers, not article 43, which concerns anatomical gifts. In any event, the record does not support a determination that defendant acted in good faith.

We reject the further contention of defendant that County Court erred in allowing the People to introduce in its direct case statements made by defendant to an investigator for the Kings County District Attorney's Office pursuant to a proffer agreement. The agreement expressly provides only that "the [Kings County District Attorney's] Office" would not use any information provided by defendant in its case-in-chief in any criminal proceeding. It does not provide that defendant's statements would not be used to prosecute him in another jurisdiction. Contrary to the contention of defendant, the fact that a Kings County investigator sought the aid of the Rochester Police Department in obtaining a search warrant for the Rochester office of BioMedical Tissue Services (BTS), a human tissue procurement agency based in New Jersey, does not establish that Monroe County and Kings County were acting in concert such that the former could be bound by the promises of the latter.

We agree with defendant, however, that the court erred in admitting in evidence certain records of BTS inasmuch as the People failed to establish that the records fall within the busi-

ness records exception to the hearsay rule (*see* CPLR 4518 [a]; CPL 60.10). An employee of Regeneration Technologies, Inc. (RTI), a human tissue processing company that contracts with BTS, testified that RTI relied on the records submitted by BTS, which were incorporated into RTI's records following a reconciliation process. The employee also testified that RTI was required to maintain those records, that the records were made in the regular course of RTI's business, and that RTI maintained those records in the regular course of business. However, the RTI employee was not familiar with the record-keeping procedures of BTS and thus was unable to testify whether BTS made the records contemporaneously with the events being recorded, whether the records in question were made in the regular course of the business of BTS, or whether it was in fact the regular course of the business of BTS to make such records (*see People v Burdick*, 72 AD3d 1399, 1401-1402 [2010]; *cf. People v Brown*, 13 NY3d 332, 341 [2009]). The two witnesses from BTS likewise failed to establish the requisite foundation for the admissibility of the documents in question as business records (*see Burdick*, 72 AD3d at 1401-1402). Nevertheless, we conclude that the court's error in admitting those records is harmless because the proof of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted if not for the error (*see People v Edmonds*, 251 AD2d 197, 198-199 [1998], *lv denied* 92 NY2d 924 [1998]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Present—Scudder, P.J., Martoche, Peradotto, Green and Gorski, JJ.