# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1592**
**KA 09-00429**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JASON GANO, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered January 16, 2009. The judgment convicted defendant, upon a jury verdict, of scheme to defraud in the first degree, body stealing (17 counts), opening graves (17 counts) and unlawful dissection of the body of a human being (17 counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, 17 counts each of body stealing (Public Health Law § 4216), opening graves (§ 4218), and unlawful dissection of the body of a human being (§ 4210-a). Defendant contends that the evidence is legally insufficient to support the conviction of body stealing and opening graves because the People failed to prove that body parts were removed from bodies that were "buried" (§ 4216) or "awaiting burial" (*id.;* § 4218), or that he acted with one of the statutory purposes set forth in Public Health Law §§ 4216 and 4218. Defendant failed to raise those contentions in his motion for a trial order of dismissal and thus failed to preserve them for our review (*see People v Gray*, 86 NY2d 10, 19). In any event, defendant's contentions lack merit. We further reject defendant's contention that the evidence is legally insufficient to support the conviction of body stealing, opening graves, and unlawful dissection under an accomplice theory. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), we conclude that a rational trier of fact could have found defendant guilty as an accomplice beyond a reasonable doubt (*see generally People v Bleakley*, 69 NY2d 490, 495).

We further conclude that Supreme Court did not err in refusing to suppress statements made by defendant to an investigator from Kings

County pursuant to a proffer agreement.  The agreement expressly provides that the Kings County District Attorney's Office would "not use any statements made by [defendant] during the proffer in its case-in-chief in any criminal proceeding," but there is no provision therein that the statements made by defendant would not be used to prosecute him in another jurisdiction.  Morever, the testimony adduced at the *Huntley* hearing established that Kings County personnel did not consult with Monroe County personnel before presenting the proffer agreement to defendant, and that no one from the Monroe County District Attorney's Office, the Rochester Police Department, or any member of Rochester law enforcement was present during defendant's interview with the King's County District Attorney's Office.  Thus, the record belies defendant's contention "that Monroe County and Kings County were acting in concert such that the former could be bound by the promises of the latter" (*People v Batjer*, 77 AD3d 1279, 1280).

Contrary to the further contention of defendant, we conclude that the court did not err in admitting in evidence records of various tissue processing companies, inasmuch as the People established that the records fall within the business records exception to the hearsay rule (*see* CPLR 4518 [a]; CPL 60.10).  Although much of the information contained in the records of BioMedical Tissue Services (BTS) was false, the testimony of two BTS employees established that the donor names, tissue recovery location, and recovery dates were accurately recorded on index cards; that such information was recorded in the regular course of BTS' business; and that the records were made at or about the time that the tissue recoveries took place (*see* CPLR 4518 [a]; *People v Kennedy*, 68 NY2d 569, 579-580; *cf. Batjer*, 77 AD3d at 1280-1281).  The information from the index cards was then copied onto BTS recovery logs in the regular course of the business of BTS at or about the time that its New Jersey office received the tissue from Rochester, New York (*see People v Morrow*, 204 AD2d 356, 357).  In any event, we note that the record contains circumstantial evidence establishing the identity of the decedents.

The sentence is not unduly harsh or severe.  Finally, we have reviewed defendant's remaining contentions and conclude that they are lacking in merit.

Entered:  February 10, 2011                          Patricia L. Morgan
                                                     Clerk of the Court