# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**924**

**KA 10-01381**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

DONNELL LLOYD, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered June 24, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends that Supreme Court erred in refusing to suppress evidence seized during the search of his home because the search was unlawful. We reject that contention. The search was initiated and conducted by, inter alia, defendant's parole officer after defendant's GPS ankle bracelet stopped transmitting and defendant failed to observe his required curfew. We conclude that the parole officer's search of defendant's home for defendant, the bracelet, or the GPS transmitter was lawful because it was "rationally and reasonably related to the performance of his duty as a parole officer" (*People v Huntley*, 43 NY2d 175, 179; *see People v Johnson*, 94 AD3d 1529, 1531-1532, *lv denied* 19 NY3d 974; *People v Nappi*, 83 AD3d 1592, 1593-1594, *lv denied* 17 NY3d 820).

Defendant failed to preserve for our review his further contention that he was denied a fair trial by prosecutorial misconduct based on comments made by the prosecutor during his opening and closing statements (*see People v Figgins*, 72 AD3d 1599, 1600, *lv denied* 15 NY3d 893). In any event, we conclude that the two comments that the People do not dispute were improper, as well as the remaining comments to which defendant now objects, were not so egregious as to deny defendant a fair trial (*see People v Dizak*, 93 AD3d 1182, 1184,

*lv denied* 19 NY3d 972; *People v Jacobson*, 60 AD3d 1326, 1328, *lv denied* 12 NY3d 916).

We reject defendant's further contention that he was deprived of effective assistance of counsel. A review of the record as a whole, including the trial, demonstrates that defendant received meaningful representation (*see generally People v Schulz*, 4 NY3d 521, 530-531; *People v Baldi*, 54 NY2d 137, 147). In addition, although the People correctly concede that the court erred in permitting the prosecutor to introduce at trial a "wanted poster" that depicted defendant and others as the 10 most wanted suspects in the Buffalo area, we conclude that the error is harmless. The proof of defendant's guilt is overwhelming, and "there is no significant probability that defendant would have been acquitted if not for the error" (*People v Batjer*, 77 AD3d 1279, 1281, *lv denied* 17 NY3d 951). Defendant's neighbor testified that he saw defendant shoot the victim twice at close range, another witness heard the shots, the victim implicated defendant as the shooter, ballistics evidence linked the bullets that killed the victim with ammunition seized from defendant's bedroom, and defendant immediately fled the scene, demonstrating consciousness of guilt (*see generally People v Zuhlke*, 67 AD3d 1341, 1341, *lv denied* 14 NY3d 774). Furthermore, we note that the prosecutor did not mention the poster during his summation.

Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  October 5, 2012                        Frances E. Cafarell
                                                 Clerk of the Court