# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**827**

**KA 08-00648**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TYREE ALEXANDER, DEFENDANT-APPELLANT.

---

O'CONNELL AND ARONOWITZ, ALBANY (STEPHEN R. COFFEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered December 16, 2005.  The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (two counts) and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]).  Contrary to defendant's contention, he was not denied his constitutional right to proceed pro se.  Defendant sought to proceed pro se because he believed that his assigned counsel did not spend enough time both with him and in researching the case.  After County Court ordered defense counsel to spend the afternoon with defendant preparing for trial, defendant did not again seek to proceed pro se.  We conclude that defendant's request to proceed pro se was made in the context of a claim expressing his dissatisfaction with his attorney and was not unequivocal (*see People v Gillian*, 8 NY3d 85, 88; *People v Caswell*, 56 AD3d 1300, 1301-1302, *lv denied* 11 NY3d 923, *reconsideration denied* 12 NY3d 781).  "In any event, . . . defendant abandoned his request by subsequently acting in a manner indicating his satisfaction with counsel" (*People v Jackson*, 97 AD3d 693, 694, *lv denied* 20 NY3d 1100; *see Gillian*, 8 NY3d at 88).

Defendant's contention that the court erred in allowing the seven-year-old victim to give sworn testimony is not preserved for our review (*see People v Dickens*, 48 AD3d 1034, 1034-1035, *lv denied* 10 NY3d 958).  In any event, the court did not abuse its discretion in admitting that testimony inasmuch as the witness demonstrated sufficient intelligence and capacity, and further demonstrated that

she understood the nature of an oath, i.e., she "appreciate[d] the difference between truth and falsehood, the necessity for telling the truth, and the fact that a witness who testifies falsely may be punished" (CPL 60.20 [2]; *see People v Beckwith*, 289 AD2d 956, 958, *amended on rearg* 303 AD2d 1054; *see generally People v Nisoff*, 36 NY2d 560, 565-566).  The court properly determined that the presumption of incompetency was overcome (*see People v Hetrick*, 80 NY2d 344, 349; *People v Morales*, 80 NY2d 450, 452-453; *People v Schroo*, 87 AD3d 1287, 1289, *lv denied* 19 NY3d 977).

Defendant next contends that the evidence is legally insufficient to establish that he had sexual contact with the victim.  Defendant failed to preserve that contention for our review inasmuch as he failed to renew his motion for trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678).  In any event, that contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495).  Further, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject the contention of defendant that he received ineffective assistance of counsel.  Defendant failed to establish the absence of a strategic reason for defense counsel's failure to exercise any challenges during voir dire (*see generally People v Benevento*, 91 NY2d 708, 712; *People v Turck*, 305 AD2d 1072, 1073, *lv denied* 100 NY2d 566).  Defendant also failed to establish the absence of a strategic reason for defense counsel's failure to call any witnesses at the *Huntley* hearing, or any witnesses other than defendant at trial (*see generally Benevento*, 91 NY2d at 712).  Inasmuch as the court did not abuse its discretion in permitting the victim to testify, defense counsel's failure to object to the admission of that testimony cannot be considered ineffective assistance of counsel (*see People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702; *People v Crump*, 77 AD3d 1335, 1336, *lv denied* 16 NY3d 857).  Contrary to defendant's contention, the record establishes that defense counsel adequately cross-examined the witnesses at trial and presented a cogent defense.  In fact, we note that defense counsel's cross-examination of the witnesses raised some inconsistencies in their testimony, and defendant relies on those inconsistencies in contending that the verdict is against the weight of the evidence.  Defendant failed to establish the absence of a strategic reason for the fact that defense counsel did not move for a mistrial or seek a curative instruction after an outburst by the mother of the victim during the testimony of the victim's sister (*see generally Benevento*, 91 NY2d at 712).  Inasmuch as a motion for a mistrial would have had "little or no chance of success," defense counsel's failure to seek that relief cannot be considered ineffective assistance (*Stultz*, 2 NY3d at 287).

Finally, the sentence is not unduly harsh or severe, particularly

in light of defendant's past criminal conduct.