# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

110

KA 11-02474

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL S. WHITE, ALSO KNOWN AS MICHAEL BREWER,
DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, MULDOON & GETZ, ROCHESTER
(GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES RITTS OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Thomas M. Van Strydonck, J.), rendered July 27, 2011. The judgment convicted defendant, after a nonjury trial, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Contrary to defendant's contention, he was not denied his constitutional right to proceed pro se. Defendant's request to proceed pro se "was made in the context of a claim expressing his dissatisfaction with his attorney and was not unequivocal" (*People v Alexander*, 109 AD3d 1083, 1084; *see People v Gillian*, 8 NY3d 85, 88; *People v Caswell*, 56 AD3d 1300, 1301-1302, *lv denied* 11 NY3d 923). We note in any event that defendant thereafter "abandoned his request to proceed pro se and, instead, requested the assignment of new counsel" (*People v Grippo*, 124 AD2d 985, 986, *lv denied* 69 NY2d 881; *see Gillian*, 8 NY3d at 88; *Alexander*, 109 AD3d at 1084; *People v Mercer*, 66 AD3d 1368, 1370, *lv denied* 13 NY3d 940).

Defendant's challenge to the legal sufficiency of the evidence is unpreserved for our review inasmuch as he failed to move for a trial order of dismissal at the close of the People's case (*see People v Jamieson*, 88 AD3d 1298, 1298; *People v Batjer*, 77 AD3d 1279, 1279, *lv denied* 77 NY3d 951; *see generally* CPL 470.05 [2]). In any event, we conclude that the evidence is legally sufficient to establish defendant's intent to sell the narcotic drugs in his possession (*see People v Alverson*, 79 AD3d 1787, 1788; *see generally People v*

*Bleakley*, 69 NY2d 490, 495).  Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  Defendant's contention that a police witness lacked sufficient experience to testify as an expert with respect to defendant's intent to sell is unpreserved for our review inasmuch as he failed to object to that testimony (*see People v Snyder*, 100 AD3d 1367, 1369, *lv denied* 21 NY3d 1010; *People v Hamilton*, 96 AD3d 1518, 1519, *lv denied* 19 NY3d 997; *see also People v Scully*, 61 AD3d 1364, 1365, *affd* 14 NY3d 861), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, the sentence is not unduly harsh or severe.

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court