# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**208**
**KA 11-01020**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                     MEMORANDUM AND ORDER

KEVIN VICKERS, DEFENDANT-APPELLANT.

---

JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Dennis M. Kehoe, A.J.), rendered September 18, 2009. The judgment convicted defendant, upon a jury verdict, of unlawful dissection of the body of a human being (seven counts), opening graves (seven counts), body stealing (seven counts) and falsifying business records in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, seven counts each of body stealing (Public Health Law § 4216), opening graves (§ 4218), and unlawful dissection of the body of a human being (§ 4210-a). Defendant contends that the evidence is legally insufficient to support the conviction of body stealing and opening graves because the People failed to prove that body parts were removed from bodies that were "buried" (§ 4216) or "awaiting burial" (*id.*; § 4218). As defendant correctly concedes, his contentions are unpreserved for our review inasmuch as he failed to raise those contentions in his motion for a trial order of dismissal (*see People v Gray*, 86 NY2d 10, 19). In any event, defendant's contentions lack merit (*see People v Gano*, 81 AD3d 1378, 1379, *lv denied* 17 NY3d 952; *People v Batjer*, 77 AD3d 1279, 1279, *lv denied* 17 NY3d 951; *see generally People v Danielson*, 9 NY3d 342, 349). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see Danielson*, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that he received ineffective assistance of counsel. Viewing the evidence, the law and the circumstances of the case, in totality and as of the time of the

representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147). We have reviewed defendant's remaining contention and conclude that it does not require reversal or modification of the judgment.

Entered: March 20, 2015                                     Frances E. Cafarell
                                                            Clerk of the Court