# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1136**
**KA 12-01260**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANTHONY BOOKER, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered June 7, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). The conviction was based on defendant's possession of various narcotics that were found by parole officers during a search of defendant's residence following a parole violation. Defendant's assigned counsel filed a motion to suppress the seized evidence. On the date of the scheduled suppression hearing, defendant complained to County Court, for the first time, about the quality of assigned counsel's representation and sought to relieve assigned counsel. In expressing his dissatisfaction with assigned counsel, defendant requested that he be allowed to proceed pro se and, upon the court's refusal to relieve assigned counsel, defendant requested an adjournment to permit him to retain new counsel. The court noted that defendant had previously appeared before the court on numerous occasions, but had never mentioned a desire to retain new counsel because of dissatisfaction with assigned counsel. The court also noted that it had not received any correspondence from the new counsel that defendant claimed to have contacted. The court thus denied defendant's request for an adjournment and, following the suppression hearing at which defendant was represented by assigned counsel, the court denied the suppression motion. Defendant thereafter retained new counsel and entered a guilty plea. We affirm.

Contrary to defendant's contention, he was not denied his constitutional right to proceed pro se. Defendant's request to proceed pro se " 'was made in the context of a claim expressing his dissatisfaction with his attorney and was not unequivocal' " (*People v White*, 114 AD3d 1256, 1257, *lv denied* 23 NY3d 1026; *see People v Gillian*, 8 NY3d 85, 88; *People v Alexander*, 109 AD3d 1083, 1084). In any event, we note that defendant thereafter " 'abandoned his request to proceed pro se and, instead, requested [an adjournment to retain] new counsel' " (*White*, 114 AD3d at 1257; *see People v Hayden*, 250 AD2d 937, 938, *lv denied* 92 NY2d 879, *reconsideration denied* 92 NY2d 982, *cert denied* 526 US 1028). Although defendant's contention that the court abused its discretion in denying his request for an adjournment to permit him to retain new counsel survives his guilty plea inasmuch as the right to counsel of one's choosing "is so deeply intertwined with the integrity of the process in [the court] that defendant's guilty plea is no bar to appellate review" (*People v Griffin*, 20 NY3d 626, 630; *see generally People v Hansen*, 95 NY2d 227, 230-231), we reject that contention. We note that " 'good cause [for an adjournment to permit a defendant to retain new counsel] does not exist [where, as here,] defendant[] [is] guilty of delaying tactics' " (*People v Santiago*, 111 AD3d 1383, 1384, *lv denied* 23 NY3d 1025, quoting *People v Linares*, 2 NY3d 507, 511). We thus conclude that, under the circumstances of this case, "defendant was not denied his right to retain counsel of his own choosing and the . . . court did not abuse its discretion in denying defendant's request to delay the [hearing]" (*People v Michalek*, 195 AD2d 1007, 1008, *lv denied* 82 NY2d 807).

Defendant's further contention that he was denied effective assistance of counsel based on an alleged conflict of interest with assigned counsel "does not survive [his] plea[] of guilty where, as here, '[t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea[] because of [assigned counsel's] allegedly poor performance' " (*People v Watkins*, 2 AD3d 1391, 1391, *lv denied* 2 NY3d 747).

We have examined defendant's remaining contention and, to the extent that it is properly before us in the context of his plea of guilty, we conclude that it does not require modification or reversal of the judgment.

Entered: November 20, 2015                    Frances E. Cafarell
                                              Clerk of the Court