People v Cruz (2020 NY Slip Op 02398)





People v Cruz


2020 NY Slip Op 02398


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


146 KA 18-01782

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EULESE CRUZ, DEFENDANT-APPELLANT.






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (ZAKARY I. WOODRUFF OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered May 11, 2018. The judgment convicted defendant upon his plea of guilty of criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). As the People correctly concede, defendant's waiver of the right to appeal is invalid inasmuch as the perfunctory inquiry made by County Court was "insufficient to establish that the court engage[d] . . . defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Soutar, 170 AD3d 1633, 1634 [4th Dept 2019], lv denied 34 NY3d 938 [2019] [internal quotation marks omitted]; see People v Lewis [appeal No. 1], 161 AD3d 1588, 1588 [4th Dept 2018]; People v Brown, 296 AD2d 860, 860 [4th Dept 2002], lv denied 98 NY2d 767 [2002]). Although defendant signed a written waiver of the right to appeal, the court did not "explain the written waiver to defendant or ascertain that he understood its contents" (People v Madden, 148 AD3d 1576, 1577 [4th Dept 2017], lv denied 29 NY3d 1034 [2017]; see People v Peterkin, 153 AD3d 1568, 1569 [4th Dept 2017]), and a "written waiver does not, standing alone, provide sufficient assurance that the defendant is knowingly, intelligently and voluntarily giving up his or her right to appeal" (People v Banks, 125 AD3d 1276, 1277 [4th Dept 2015], lv denied 25 NY3d 1159 [2015] [internal quotation marks omitted]; see People v Wilson, 159 AD3d 1542, 1543 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]).
Defendant correctly concedes that, by failing to move to withdraw his guilty plea or to vacate the judgment of conviction, he failed to preserve for our review his contention that the plea was not voluntarily, knowingly, and intelligently entered (see People v Graham, 175 AD3d 1823, 1824 [4th Dept 2019], lv denied 34 NY3d 1159 [2020]; People v Jones, 175 AD3d 1845, 1845-1846 [4th Dept 2019], lv denied 34 NY3d 1078 [2019]) and, contrary to defendant's contention, nothing in the plea colloquy "casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (People v Lopez, 71 NY2d 662, 666 [1988]). We therefore conclude that this case does not fall within the rare exception to the preservation requirement (see id.).
Contrary to the further contention of defendant, the sentence is not unduly harsh or severe. As the People correctly concede, however, the certificate of conviction and the uniform sentence and commitment form should be amended because they incorrectly reflect that defendant was sentenced as a second felony offender when he was actually sentenced as a second felony drug offender (see People v Ortega, 175 AD3d 1810, 1811 [4th Dept 2019]; People v Oberdorf, 136 AD3d 1291, 1292-1293 [4th Dept 2016], lv denied 27 NY3d 1073 [2016]).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court