People v Couser (2022 NY Slip Op 06599)

People v Couser

2022 NY Slip Op 06599

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

859 KA 19-00086

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KNOWLEDGE COUSER, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (CATHERINE A. MENIKOTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered October 18, 2018. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of murder in the second degree (Penal Law § 125.25 [1]). We affirm.
Initially, as defendant contends and the People correctly concede, the "purported waiver of the right to appeal is not enforceable inasmuch as the totality of the circumstances fails to reveal that defendant 'understood the nature of the appellate rights being waived' " (People v Youngs, 183 AD3d 1228, 1228 [4th Dept 2020], lv denied 35 NY3d 1050 [2020], quoting People v Thomas, 34 NY3d 545, 559 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Here, "[t]he written waiver of the right to appeal signed by defendant [at the time of the plea] and the verbal waiver colloquy conducted by [County Court] together improperly characterized the waiver as 'an absolute bar to the taking of a direct appeal and the loss of attendant rights to counsel and poor person relief' " (People v McMillian, 185 AD3d 1420, 1421 [4th Dept 2020], lv denied 35 NY3d 1096 [2020], quoting Thomas, 34 NY3d at 565; see People v Harlee, 187 AD3d 1586, 1587 [4th Dept 2020], lv denied 36 NY3d 929 [2020]).
We reject defendant's contention that the court erred in failing to address his request to proceed pro se. The record establishes that defendant "did not make that request clearly and unequivocally in his letter to the court or at any other time," and we thus conclude that the court "did not err in failing to address that alleged request" (People v Russell, 55 AD3d 1314, 1315 [4th Dept 2008], lv denied 11 NY3d 930 [2009] [internal quotation marks omitted]). Indeed, defendant's letter " 'd[id] not reflect a definitive commitment to self-representation' that would trigger a searching inquiry by the trial court" (People v Duarte, 37 NY3d 1218, 1219 [2022], cert denied — US — [Oct. 3, 2022], quoting People v LaValle, 3 NY3d 88, 106 [2004]); rather, defendant's alleged request to proceed pro se " 'was made in the context of a claim expressing his dissatisfaction with his attorney,' " and defendant further expressed, equivocally, an openness to proceeding with a new attorney from a different area (People v White, 114 AD3d 1256, 1257 [4th Dept 2014], lv denied 23 NY3d 1026 [2014]; see Matter of Kathleen K. [Steven K.], 17 NY3d 380, 387 [2011]; People v Gillian, 8 NY3d 85, 88 [2006]; LaValle, 3 NY3d at 106-107). In any event, defendant abandoned any request to proceed pro se inasmuch as he "acquiesced to continued representation by counsel at subsequent proceedings," including the appointment of his third assigned counsel, following which defendant acted in a manner indicating his satisfaction with counsel (People v Berrian, 154 AD3d 486, 487 [1st Dept 2017], lv denied 30 NY3d 1103 [2018]; see People v Alexander, 109 AD3d 1083, 1084 [4th Dept 2013]; People v [*2]Ramsey, 201 AD2d 915, 915 [4th Dept 1994], lv denied 83 NY2d 875 [1994]). We conclude on this record that, "[u]pon the appointment of his third assigned counsel, '[t]he issue of self-representation was closed,' with defendant seemingly satisfied with that appointment" (Gillian, 8 NY3d at 88, quoting LaValle, 3 NY3d at 107).
Defendant next contends that his plea was not knowingly, voluntarily, and intelligently entered because, during the plea colloquy, the court failed to advise him of all the rights he would be forfeiting upon pleading guilty, including his right against self-incrimination (see generally Boykin v Alabama, 395 US 238, 243 [1969]; People v Tyrell, 22 NY3d 359, 361 [2013]). Defendant's contention is not preserved for our review (see People v Barnes, 206 AD3d 1713, 1714-1715 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]; People v Hampton, 142 AD3d 1305, 1306 [4th Dept 2016], lv denied 28 NY3d 1124 [2016]; see generally People v Conceicao, 26 NY3d 375, 381-382 [2015]), and the narrow exception to the preservation rule does not apply under the circumstances of this case (see People v Gause, 133 AD3d 1367, 1367 [4th Dept 2015], lv denied 27 NY3d 997 [2016]; cf. Conceicao, 26 NY3d at 382; Tyrell, 22 NY3d at 364). In any event, defendant's contention lacks merit (see Conceicao, 26 NY3d at 383-384; Barnes, 206 AD3d at 1715).
Finally, contrary to defendant's contention, we conclude that the sentence is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court