People v Augello (2023 NY Slip Op 06640)

People v Augello

2023 NY Slip Op 06640

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, OGDEN, GREENWOOD, AND NOWAK, JJ.

901 KA 21-00437

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS AUGELLO, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. TRESMOND OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered February 10, 2021. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of burglary in the third degree (Penal Law
§ 140.20). We agree with defendant that his waiver of the right to appeal was invalid because Supreme Court's "oral colloquy mischaracterized it as an absolute bar to the taking of an appeal" (People v McCrayer, 199 AD3d 1401, 1401 [4th Dept 2021]; see People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Although the record establishes that defendant executed a written waiver of the right to appeal, the written waiver does not cure the deficient oral colloquy because the court did not inquire of defendant whether he understood the written waiver or whether he had read the waiver before signing it (see People v Sanford, 138 AD3d 1435, 1436 [4th Dept 2016]). We nevertheless reject defendant's contention that the sentence is unduly harsh and severe. Defendant's related contention that he was unconstitutionally imprisoned for his inability to pay restitution is unpreserved for our review (see People v Pena, 28 NY3d 727, 730 [2017]; People v Gilmore, 202 AD3d 1453, 1454 [4th Dept 2022], lv denied 38 NY3d 1008 [2022]; People v Vasquez, 74 AD3d 462, 463 [1st Dept 2010]) and, in any event, is without merit.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court