People v Dublino (2024 NY Slip Op 03607)

People v Dublino

2024 NY Slip Op 03607

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, NOWAK, AND DELCONTE, JJ.

277 KA 21-01062

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARK DUBLINO, DEFENDANT-APPELLANT.

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Erie County (Paul Wojtaszek, J.), rendered July 1, 2021. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of assault in the second degree (Penal Law § 120.05 [7]). Viewing the evidence in light of the elements of the crime and the defense of justification in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention in his main brief that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v McKenzie, 207 AD3d 1070, 1071 [4th Dept 2022], lv denied 39 NY3d 987 [2022]).
We reject defendant's contentions in his main and pro se supplemental briefs that Supreme Court violated his right to self-representation (see generally US Const 6th, 14th Amends; NY Const, art I, § 6; People v McIntyre, 36 NY2d 10, 14 [1974]). Although we agree with defendant that the court improperly denied his unequivocal request to proceed pro se based solely on his lack of legal acumen (see People v Ryan, 82 NY2d 497, 507-508 [1993]), we nonetheless conclude that there is no reversible error because defendant subsequently "abandoned any request to proceed pro se . . . [by] acquiesc[ing] to continued representation by counsel at subsequent proceedings" (People v Couser, 210 AD3d 1513, 1514 [4th Dept 2022], lv denied 39 NY3d 1071 [2023] [internal quotation marks omitted]; see People v Gillian, 8 NY3d 85, 88 [2006]). Here, following the court's denial of defendant's request to proceed pro se and in response to the court's direct inquiry, defendant abandoned his motion to reargue the court's denial and expressly withdrew his request to proceed pro se in light of his satisfaction with the representation provided by his current assigned counsel.
Contrary to defendant's contention in his main brief, the sentence is not unduly harsh or severe. We have reviewed the remaining contentions in the main and pro se supplemental briefs and conclude that none warrants modification or reversal of the judgment.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court