People v Dunn (2024 NY Slip Op 03951)

People v Dunn

2024 NY Slip Op 03951

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

421 KA 22-00629

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES DUNN, DEFENDANT-APPELLANT. (APPEAL NO. 3.) 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DAVID D. BASSETT OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered March 31, 2022. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, burglary in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the case is held, the decision is
reserved, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum:
In appeal No. 3, defendant appeals from a judgment convicting him, upon a jury verdict, of robbery in the first degree (Penal Law § 160.15 [3]), burglary in the first degree (§ 140.30 [2]), and criminal possession of a weapon in the second degree (§ 265.03 [3]). In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (§ 265.03 [3]). In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty in the same plea proceeding, of promoting prison contraband in the first degree (§ 205.25 [2]) and conspiracy in the fifth degree (§ 105.05 [1]).
At the outset, we agree with defendant in appeal Nos. 1 and 2 that his purported waivers of the right to appeal are invalid inasmuch as the perfunctory inquiry made by County Court was "insufficient to establish that the court engage[d] . . . defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Cruz, 182 AD3d 999, 999 [4th Dept 2020] [internal quotation marks omitted]; see People v Soutar, 170 AD3d 1633, 1634 [4th Dept 2019], lv denied 34 NY3d 938 [2019]; People v Wilson, 159 AD3d 1542, 1543 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]). Although defendant signed a written waiver of the right to appeal, "the record establishes that [the court] did not sufficiently explain the significance of the appeal waiver or ascertain defendant's understanding thereof" (Wilson, 159 AD3d at 1543 [internal quotation marks omitted]; see People v Augello, 222 AD3d 1398, 1399 [4th Dept 2023], lv denied 41 NY3d 942 [2024]), and "a written waiver does not, standing alone, provide sufficient assurance that [a] defendant is knowingly, intelligently, and voluntarily giving up [the] right to appeal" (People v Banks, 125 AD3d 1276, 1277 [4th Dept 2015], lv denied 25 NY3d 1159 [2015]; see Cruz, 182 AD3d at 999-1000).
In appeal Nos. 1 and 2, defendant further contends that his respective guilty pleas were not voluntarily, knowingly, and intelligently entered. Defendant correctly concedes that, by failing to move to withdraw his pleas or vacate the judgments of conviction, he failed to preserve those contentions for our review (see People v Boyde, 224 AD3d 1306, 1306-1307 [4th Dept 2024]; Cruz, 182 AD3d at 1000). Neither case falls within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]), and we decline to exercise our power to review defendant's contentions as a matter of discretion in the interest of [*2]justice (see CPL 470.15 [3] [c]).
In each of the three appeals, defendant contends that certain remarks from the court infringed on his right to self-representation. Defendant failed to preserve those contentions for appellate review (see People v Phipps, 168 AD3d 881, 882 [2d Dept 2019], lv denied 33 NY3d 952 [2019], cert denied — US &mdash, 140 S Ct 245 [2019]; People v Lucas, 131 AD3d 875, 876 [1st Dept 2015], lv denied 26 NY3d 1090 [2015]). We reject defendant's related contention in each appeal that the court erred in denying his purported pretrial request to represent himself without conducting a searching inquiry. The record establishes that defendant "did not clearly and unequivocally request to proceed pro se, i.e., defendant's statements d[id] not reflect a definitive commitment to self-representation that would trigger a searching inquiry by the trial court" (People v Burney, 204 AD3d 1473, 1476 [4th Dept 2022] [internal quotation marks omitted]; see People v Duarte, 37 NY3d 1218, 1218-1219 [2022], cert denied — US &mdash, 143 S Ct 136 [2022]). Rather, defendant's alleged request to proceed pro se "was made in the context of a claim expressing his dissatisfaction with his attorney" (People v Couser, 210 AD3d 1513, 1514 [4th Dept 2022], lv denied 39 NY3d 1071 [2023] [internal quotation marks omitted]; see People v Gillian, 8 NY3d 85, 88 [2006]; People v White, 114 AD3d 1256, 1257 [4th Dept 2014], lv denied 23 NY3d 1026 [2014]). In any event, we conclude that defendant thereafter abandoned any request to proceed pro se inasmuch as he acquiesced to continued representation and was granted appointment of a third assigned counsel, who represented him at trial and through the subsequent plea proceeding (see Gillian, 8 NY3d at 88; Couser, 210 AD3d at 1514).
Defendant contends in each appeal that his due process and statutory speedy trial rights were violated by the court's failure to make a sufficient inquiry as to the People's actual readiness for trial under CPL 30.30 (5). Defendant failed to preserve those contentions for our review (see CPL 470.05 [2]; see generally People v Newton, 221 AD3d 1551, 1553 [4th Dept 2023], lv denied 40 NY3d 1093 [2024]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice.
Defendant further contends in appeal Nos. 1 and 3 that although the People indicated their readiness for trial, their respective certificates of compliance were invalid because they had not turned over disciplinary records for the officers involved in the underlying incidents and had therefore failed to comply with their disclosure obligations under CPL 245.20 (1) (k) (iv), thereby rendering the statement of readiness illusory and violating defendant's statutory speedy trial rights. As defendant correctly concedes, the statutory speedy trial contentions are unpreserved inasmuch as he did not challenge the validity of the certificates of compliance before the trial court and did not move to dismiss either indictment based on lack of readiness (see People v Robinson, 225 AD3d 1266, 1267-1268 [4th Dept 2024]; People v Hickey, 222 AD3d 1429, 1429 [4th Dept 2023], lv denied 41 NY3d 943 [2024]; People v Valentin, 183 AD3d 1271, 1272 [4th Dept 2020], lv denied 35 NY3d 1049 [2020]).
In each appeal, defendant contends that he was denied effective assistance of counsel. To the extent that defendant's contentions survive the plea in appeal Nos. 1 and 2 (see People v Shaw, 222 AD3d 1401, 1403 [4th Dept 2023]; People v Seymore, 188 AD3d 1767, 1769 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]), we conclude that, under the circumstances presented on the record, defendant has "failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's alleged shortcomings" in any of the three appeals (People v Rojas-Aponte, 224 AD3d 1264, 1265 [4th Dept 2024] [internal quotation marks omitted]; see People v Dickeson, 84 AD3d 1743, 1743 [4th Dept 2011], lv denied 19 NY3d 972 [2012]). Moreover, to the extent that defendant's contentions are based on matters outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claims (see generally People v Sims, 41 NY3d 995, 996 [2024]; Rojas-Aponte, 224 AD3d at 1265; People v Parnell, 221 AD3d 1437, 1438 [4th Dept 2023], lv denied 40 NY3d 1094 [2024]).
In appeal No. 3, we conclude that the sentence is not unduly harsh or severe.
Finally, in appeal No. 3, defendant contends that his conviction is not supported by legally sufficient evidence. We may not address that contention because the court did not rule on defendant's renewed motion for a trial order of dismissal, and the failure to rule cannot be deemed a denial of that motion (see People v Keane, 221 AD3d 1586, 1590 [4th Dept 2023]; People v Johnson, 192 AD3d 1612, 1615-1616 [4th Dept 2021]). We thus hold the case, reserve [*3]decision, and remit the matter in appeal No. 3 to County Court for a ruling on defendant's renewed motion for a trial order of dismissal (see generally People v Spratley, 96 AD3d 1420, 1421 [4th Dept 2012]). In light of our determination, we do not address defendant's contention in appeal No. 3 that the verdict is against the weight of the evidence. We further hold the case, reserve decision, and remit the matter in appeal No. 2 to County Court to allow defendant to make any necessary motions upon the determination in appeal No. 3 (see People v Dinkins, 118 AD3d 559, 559-560 [1st Dept 2014]; see also People v Vanwuyckhuyse, 213 AD3d 1286, 1288-1289 [4th Dept 2023], lv denied 40 NY3d 931 [2023]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court