People v Outley (2024 NY Slip Op 05710)

People v Outley

2024 NY Slip Op 05710

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

737 KA 23-00853

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HASHA OUTLEY, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTINE BIALY-VIAU OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered June 1, 2022. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a weapon in the second degree, reckless endangerment in the first degree, unlawful fleeing a police officer in a motor vehicle in the third degree and tampering with physical evidence. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), reckless endangerment in the first degree (§ 120.25), unlawful fleeing a police officer in a motor vehicle in the third degree (§ 270.25), and tampering with physical evidence (§ 215.40 [2]).
We agree with defendant that her waiver of the right to appeal was invalid. County Court's oral colloquy "mischaracterized [the waiver] as an absolute bar to the taking of an appeal" (People v McCrayer, 199 AD3d 1401, 1401 [4th Dept 2021]; see People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]) and, although the record establishes that defendant executed a written waiver of the right to appeal, the written waiver "does not cure the deficient oral colloquy because the court did not inquire of defendant whether [she] understood the written waiver or . . . had read the waiver before signing it" (People v Augello, 222 AD3d 1398, 1399 [4th Dept 2023], lv denied 41 NY3d 942 [2024]). Nonetheless, we conclude
that the sentence is not unduly harsh or severe.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court