People v Clark
2026 NY Slip Op 03568
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TOMMY L. CLARK, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
360 KA 23-01248
Present: Lindley, J.P., Curran, Ogden, Greenwood, And Delconte, JJ.

VINCENT T. PARLATO, BUFFALO, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Jefferson County Court (David A. Renzi, J.), rendered March 27, 2023. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and criminally using drug paraphernalia in the second degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [7]). The police, acting on a tip, executed a search warrant at a hotel room where defendant was staying and recovered several bags of methamphetamine.
On several grounds, defendant contends that County Court erred in admitting in evidence text messages and improper expert opinion of a detective interpreting those messages. Defendant's contention is preserved only in part (see CPL 470.05 [2]), and we decline to exercise our power to review the unpreserved challenges as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). To the extent that defendant's contention is preserved for our review, we conclude that any error was harmless inasmuch as the evidence of defendant's guilt is overwhelming and there is no significant probability that he would have been acquitted in the absence of that evidence and testimony (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant further contends that the court erred in permitting the jury to consider evidence of untested suspected contraband. The police recovered one large bag and four smaller bags of suspected methamphetamine from a dresser drawer. A detective's field test of "a small sample of the substance" indicated the presence of methamphetamine, and the parties stipulated that a subsequent laboratory test of the substance was positive for methamphetamine with an aggregate weight of slightly more than eight grams. The detective explained that laboratory personnel weighed a sufficient amount of the substance from the large bag to satisfy the charge and tested it but did not test the entire submission. The detective testified that each of the four smaller bags contained approximately one gram of the substance. Over defense counsel's objection, the smaller bags were admitted in evidence. We conclude that the untested smaller bags of suspected methamphetamine were properly admitted inasmuch as they were probative of an intent to sell and a reasonable jury could conclude that they contained the same substance as that of the tested substance in the larger bag (see generally People v Gillyard, 70 AD3d 854, 854-855 [2d Dept 2010], lv denied 14 NY3d 840 [2010]; People v McGriff, 201 AD2d 672, 673 [2d Dept 1994], lv denied 83 NY2d 913 [1994]; People v Wilcox, 198 AD2d 544, 545 [3d Dept 1993], lv denied 82 NY2d 932 [1994]).
We reject defendant's contention that the court's Sandoval ruling constituted an abuse of discretion. The fact that the prior convictions were similar to the crimes charged here does not [*2]automatically preclude their use on cross-examination (see People v Walker, 83 NY2d 455, 459 [1994]; People v Bradley, 227 AD3d 1420, 1420 [4th Dept 2024], lv denied 42 NY3d 1035 [2024]; People v Poole, 79 AD3d 1685, 1685-1686 [4th Dept 2010], lv denied 16 NY3d 862 [2011]). "[T]he record does not indicate a failure by the . . . court to balance the relevant factors," and the ruling, by "permitt[ing] inquiry about . . . defendant's prior convictions but forb[idding] reference to the underlying criminal acts, reflects sensitivity to the particular prejudice that may result when a jury is made aware of the fact that the defendant has previously committed crimes that are similar to the charged crime[s]" (Walker, 83 NY2d at 459).
Defendant failed to preserve for our review his contention that, in sentencing him, the court penalized him for exercising his right to a trial, inasmuch as he failed to raise that contention at sentencing (see People v Mohamed, 224 AD3d 1271, 1271-1272 [4th Dept 2024], lv denied 41 NY3d 984 [2024]; People v Britton, 213 AD3d 1326, 1328 [4th Dept 2023], lv denied 39 NY3d 1140 [2023]). Contrary to defendant's further contention, we conclude that the sentence is not unduly harsh or severe.
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Finally, we note that the certificate of conviction and the uniform sentence and commitment form incorrectly state that defendant was sentenced as a second felony offender and they must be amended to reflect that he was actually sentenced as a second felony drug
offender (see People v Cruz, 182 AD3d 999, 1000 [4th Dept 2020]; People v Johnson, 161 AD3d 1529, 1529 [4th Dept 2018]).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court