People v Youngs (2020 NY Slip Op 02558)





People v Youngs


2020 NY Slip Op 02558


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


21 KA 17-00131

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANIEL K. YOUNGS, DEFENDANT-APPELLANT.






PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (ROBERT R. CALLI OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Herkimer County Court (Donald E. Todd, A.J.), rendered January 6, 2017. The judgment convicted defendant upon a plea of guilty of rape in the first degree, criminal sexual act in the first degree and attempted sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law
§ 130.35 [3]), criminal sexual act in the first degree (§ 130.50 [1]), and attempted sexual abuse in the first degree (§§ 110.00, 130.65 [1]).
We conclude that defendant's purported waiver of the right to appeal is not enforceable inasmuch as the totality of the circumstances fails to reveal that defendant "understood the nature of the appellate rights being waived" (People v Thomas, — NY3d &mdash, &mdash, 2019 NY Slip Op 08545, *4 [2019]). County Court's oral explanation of the waiver suggested that defendant was entirely ceding any ability to challenge his guilty plea on appeal, but such an "improper description of the scope of the appellate rights relinquished by the waiver is refuted by . . . precedent, whereby a defendant retains the right to appellate review of very selective fundamental issues, including the voluntariness of the plea" (id. at &mdash, 2019 NY Slip Op 08545, *7). In addition, by further explaining that the cost of the plea bargain was that defendant would no longer have the right ordinarily afforded to other defendants to appeal to a higher court any decision the court had made, the court "mischaracterized the waiver of the right to appeal, portraying it in effect as an absolute bar' to the taking of an appeal" (People v Cole, 181 AD3d 1329, — [4th Dept 2020]; see Thomas, — NY3d at &mdash, 2019 NY Slip Op 08545, *6). The written waiver executed by defendant did not contain clarifying language; instead, it perpetuated the mischaracterization that the appeal waiver constituted an absolute bar to the taking of a first-tier direct appeal and even stated that the rights defendant was waiving included the "right to have an attorney appointed" if he could not afford one and the "right to submit a brief and argue before an appellate court issues relating to [his] sentence and conviction" (see Thomas, — NY3d at &mdash, &mdash, 2019 NY Slip Op 08545, *2, *6-7). Where, as here, the "trial court has utterly mischaracterized the nature of the right a defendant was being asked to cede,' [this] [C]ourt cannot be certain that the defendant comprehended the nature of the waiver of appellate rights' " (id. at &mdash, 2019 NY Slip Op 08545, *6).
Although the purported waiver of the right to appeal is not enforceable and thus does not preclude our review of defendant's challenge to the severity of his sentence, we nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court