People v McMillian (2020 NY Slip Op 04040)





People v Mcmillian


2020 NY Slip Op 04040


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


570 KA 17-00077

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARIEN J. MCMILLIAN, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DANIELLE C. WILD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (William K. Taylor, J.), rendered October 17, 2016. The judgment convicted defendant upon a plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). We agree with defendant that his waiver of the right to appeal is invalid. The written waiver of the right to appeal signed by defendant and the verbal waiver colloquy conducted by Supreme Court (Moran, J.) together improperly characterized the waiver as "an absolute bar to the taking of a direct appeal and the loss of attendant rights to counsel and poor person relief," as well as to "all postconviction relief separate from the direct appeal" (People v Thomas, 34 NY3d 545, 565 [2019]).
Defendant failed to preserve for our review his contention that his plea was not voluntarily, knowingly, or intelligently entered inasmuch as he did not move to withdraw his plea or to vacate the judgment of conviction pursuant to CPL article 440 (see People v Jimenez, 177 AD3d 1326, 1326 [4th Dept 2019], lv denied 34 NY3d 1078 [2019]; People v Reddick, 175 AD3d 1788, 1789 [4th Dept 2019], lv denied 34 NY3d 1162 [2020]). This case does not fall within the narrow exception to the preservation requirement inasmuch as defendant's contention is premised on a possible justification defense to which defendant alluded in statements he made during the preparation of the presentence report (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; see also People v Garcia-Cruz, 138 AD3d 1414, 1414-1415 [4th Dept 2016], lv denied 28 NY3d 929 [2016]). Finally, the sentence is not unduly harsh or severe.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court