People v Shantz (2020 NY Slip Op 04680)





People v Shantz


2020 NY Slip Op 04680


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


451 KA 18-00078

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH W. SHANTZ, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (CARA A. WALDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered September 9, 2016. The judgment convicted defendant upon his plea of guilty of unlawful surveillance in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the supplemental sex offender victim fee, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of unlawful surveillance in the second degree (Penal Law § 250.45 [2]), defendant contends that his waiver of the right to appeal is invalid because Supreme Court's explanation thereof was confusing and inaccurate. We agree. The better practice is for the court to use the Model Colloquy, which " neatly synthesizes . . . the governing principles' " (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020], quoting People v Thomas, 34 NY3d 545, 567 [2019], cert denied — US — [Mar. 30, 2020]; see NY Model Colloquies, Waiver of Right to Appeal). Here, by telling defendant that the waiver meant that he was giving up his right to appeal any aspect of his case and that any attempt to appeal would likely result in the appellate court refusing to even hear such an appeal, the court "mischaracterized the waiver of the right to appeal, portraying it in effect as an absolute bar' to the taking of an appeal" (People v Cole, 181 AD3d 1329, 1330 [4th Dept 2020], quoting Thomas, 34 NY3d at 564). Moreover, the colloquy lacked adequate clarifying language indicating that the right to take an appeal was retained; instead, when the court solicited defendant's understanding of its explanation, defendant indicated that he understood the waiver to preclude an appeal and the court failed to correct defendant's misunderstanding (see Thomas, 34 NY3d at 564-566; People v Stenson, 179 AD3d 1449, 1449 [4th Dept 2020], lv denied 35 NY3d 974 [2020]; cf. People v Morrison, 179 AD3d 1454, 1455 [4th Dept 2020], lv denied 35 NY3d 972 [2020]). We thus conclude on this record that the purported waiver of the right to appeal is not enforceable inasmuch as the totality of the circumstances fails to reveal that defendant "understood the nature of the appellate rights being waived" (Thomas, 34 NY3d at 559; see People v Youngs, 183 AD3d 1228, 1228-1229 [4th Dept 2020]).
As defendant further contends and the People correctly concede, the court erred in imposing a supplemental sex offender victim fee inasmuch as defendant was convicted of an offense contained in article 250 of the Penal Law (see § 60.35 [1] [b]). Although defendant correctly concedes that he failed to preserve his contention for our review (see People v Coleman, 170 AD3d 1661, 1661 [4th Dept 2019], lv denied 33 NY3d 1068 [2019]; People v Parker, 137 AD3d 1625, 1626 [4th Dept 2016]), we exercise our power to review the contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]), and we modify the judgment by vacating the supplemental sex offender victim fee (see People v Arnold, 107 AD3d 1526, 1528 [4th Dept 2013], lv denied 22 NY3d 953 [2013]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court