People v Harlee (2020 NY Slip Op 05386)





People v Harlee


2020 NY Slip Op 05386


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


795 KA 19-00664

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASMINE HARLEE, DEFENDANT-APPELLANT. 






RYAN JAMES MULDOON, AUBURN, FOR DEFENDANT-APPELLANT. 


 Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered August 23, 2018. The judgment convicted defendant upon a plea of guilty of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her upon her plea of guilty of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that her purported waiver of the right to appeal is not valid and challenges the severity of the sentence.
We agree with defendant that the "purported waiver of the right to appeal is not enforceable inasmuch as the totality of the circumstances fails to reveal that defendant 'understood the nature of the appellate rights being waived' " (People v Youngs, 183 AD3d 1228, 1228 [4th Dept 2020], lv denied 35 NY3d 1050 [2020], quoting People v Thomas, 34 NY3d 545, 559 [2019], cert denied — US — [Mar. 30, 2020]). Here, "[t]he written waiver of the right to appeal signed by defendant [at the time of the plea] and the verbal waiver colloquy conducted by [County Court] together improperly characterized the waiver as 'an absolute bar to the taking of a direct appeal and the loss of attendant rights to counsel and poor person relief' " (People v McMillian, 185 AD3d 1420, 1421 [4th Dept 2020], quoting Thomas, 34 NY3d at 565). In particular, the written waiver, upon which the court relied in eliciting defendant's understanding during the verbal waiver colloquy, mischaracterized the appeal waiver as constituting an absolute bar to the taking of a first-tier direct appeal and even improperly stated that the rights defendant was waiving included the right "to prosecute the appeal as a poor person, to have an attorney assigned in the event that [she was] indigent, and to submit a brief and/or to argue before the appellate court on any issues relating to the conviction or sentence" (see Thomas, 34 NY3d at 554, 566; Youngs, 183 AD3d at 1229). Where, as here, the "trial court has utterly 'mischaracterized the nature of the right a defendant was being asked to cede,' [this] '[C]ourt cannot be certain that the defendant comprehended the nature of the waiver of appellate rights' " (Thomas, 34 NY3d at 565-566; see Youngs, 183 AD3d at 1229).
We nevertheless reject defendant's challenge to the severity of the sentence.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court