People v DeMarco (2021 NY Slip Op 00943)





People v Demarco


2021 NY Slip Op 00943


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


139 KA 18-01681

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDREW J. DEMARCO, DEFENDANT-APPELLANT. 






CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.
ANDREW J. DEMARCO, DEFENDANT-APPELLANT PRO SE.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered June 12, 2018. The judgment convicted defendant upon a plea of guilty of driving while ability impaired by drugs (two counts), aggravated unlicensed operation of a motor vehicle in the first degree, escape in the second degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, assault in the second degree (Penal Law § 120.05 [3]), defendant contends in his main and pro se supplemental briefs that his waiver of the right to appeal is invalid. We agree. Although no "particular litany" is required for a waiver of the right to appeal to be valid (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Johnson [appeal No. 1], 169 AD3d 1366, 1366 [4th Dept 2019], lv denied 33 NY3d 949 [2019]), here defendant's waiver of the right to appeal was invalid because Supreme Court's oral colloquy mischaracterized it as an "absolute bar" to the taking of an appeal (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Shantz, 186 AD3d 1076, 1077 [4th Dept 2020]). We note that the better practice is for the court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (Thomas, 34 NY3d at 567, citing NY Model Colloquies, Waiver of Right to Appeal).
Additionally, although defendant purportedly signed a written waiver at the plea colloquy, we may not consider whether that document corrected any defects in the court's oral colloquy because "[t]he court did not inquire of defendant whether he understood the written waiver or whether he had even read the waiver before signing it" (People v Bradshaw, 18 NY3d 257, 262 [2011]; see People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]). We nevertheless conclude that, contrary to defendant's contention in his main and pro se supplemental briefs, the sentence is not unduly harsh or severe.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court