People v Johnson (2021 NY Slip Op 02918)





People v Johnson


2021 NY Slip Op 02918


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


384 KA 17-00275

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ARSENIO J. JOHNSON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered November 14, 2016. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that his waiver of the right to appeal is invalid and does not foreclose his challenge to the severity of the negotiated sentence. The People correctly concede that the waiver of the right to appeal is invalid because Supreme Court's oral colloquy and the written waiver of the right to appeal provided defendant with erroneous information about the scope of the waiver and failed to identify that certain rights would survive the waiver (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v McMillian, 185 AD3d 1420, 1421 [4th Dept 2020], lv denied 35 NY3d 1096 [2020]). Nevertheless, considering that defendant held a gun to the head of a police officer, we perceive no basis in the record to exercise our power to modify the negotiated sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court