People v Hicks (2021 NY Slip Op 04889)





People v Hicks


2021 NY Slip Op 04889


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


669 KA 21-00227

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY HICKS, DEFENDANT-APPELLANT. 






PAUL G. DELL, BUFFALO, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered September 9, 2020. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). As defendant contends, and the People correctly concede, the waiver of the right to appeal is invalid inasmuch as Supreme Court "mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal, and there was no clarification that appellate review remained available for certain issues" (People v Hussein, 192 AD3d 1705, 1706 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Further, although the record reflects that defendant signed a written waiver at some point, we may not "consider whether that document corrected any defects in the court's oral colloquy because '[t]he court did not inquire of defendant whether he understood the written waiver or whether he had even read the waiver before signing it' " (People v DeMarco, 191 AD3d 1428, 1428 [4th Dept 2021], lv denied 36 NY3d 1119 [2021]; see generally People v Bradshaw, 18 NY3d 257, 262 [2011]). We nonetheless conclude that the sentence is not unduly harsh or severe.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court