People v Borland (2021 NY Slip Op 05211)





People v Borland


2021 NY Slip Op 05211


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


723 KA 19-00209

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KYLE L. BORLAND, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered October 29, 2018. The judgment convicted defendant upon a plea of guilty of attempted burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20). We agree with defendant that the waiver of the right to appeal "is not enforceable inasmuch as the totality of the circumstances fails to reveal that defendant 'understood the nature of the appellate rights being waived' " (People v Youngs, 183 AD3d 1228, 1228 [4th Dept 2020], lv denied 35 NY3d 1050 [2020], quoting People v Thomas, 34 NY3d 545, 559 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Nevertheless, we affirm. Defendant failed to preserve for our review his contention that his guilty plea was not knowingly, voluntarily, or intelligently entered inasmuch as he did not move to withdraw his guilty plea or to vacate the judgment of conviction (see People v Turner, 175 AD3d 1783, 1784 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]), and we conclude that this case does not fall within the narrow exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666-667 [1988]). Further, the sentence is not unduly harsh or severe.
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court