People v Irving (2022 NY Slip Op 00531)





People v Irving


2022 NY Slip Op 00531


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


3 KA 20-00409

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MUHAMMAD IRVING, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered July 2, 2019. The judgment convicted defendant upon a plea of guilty of burglary in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of burglary in the third degree (Penal Law § 140.20). As defendant contends and the People correctly concede, defendant's purported waiver of the right to appeal is invalid. During the plea colloquy, County Court " 'conflated the right to appeal with those rights automatically forfeited by the guilty plea' " (People v Chambers, 176 AD3d 1600, 1600 [4th Dept 2019], lv denied 34 NY3d 1076 [2019]; see People v Mothersell, 167 AD3d 1580, 1581 [4th Dept 2018]) and, therefore, the record does not establish that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]). In addition, the court's explanation that the waiver would foreclose any review by a higher court "utterly 'mischaracterized the nature of the right [that] defendant was being asked to cede' " (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Youngs, 183 AD3d 1228, 1229 [4th Dept 2020], lv denied 35 NY3d 1050 [2020]).
Although defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of his challenge to the severity of the sentence, we nonetheless conclude that the sentence is
not unduly harsh or severe.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court