People v Zabko (2022 NY Slip Op 03634)

People v Zabko

2022 NY Slip Op 03634

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

433 KA 19-00654

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEPHEN A. ZABKO, DEFENDANT-APPELLANT. 

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), entered March 12, 2019. The judgment convicted defendant upon his plea of guilty of burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe.
Initially, contrary to defendant's contention, the record establishes that, before defendant pleaded guilty, County Court mentioned that a waiver of the right to appeal would be a condition of the plea bargain (see People v Rohadfox, 175 AD3d 1813, 1814 [4th Dept 2019], lv denied 34 NY3d 1019 [2019]; cf. People v Willis, 161 AD3d 1584, 1584 [4th Dept 2018]; People v Blackwell, 129 AD3d 1690, 1690 [4th Dept 2015], lv denied 26 NY3d 926 [2015]). The court also "made clear that the waiver of the right to appeal was a condition of [the] plea, not a consequence thereof, and the record reflects that defendant understood that the waiver of the right to appeal was 'separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Graham, 77 AD3d 1439, 1439 [4th Dept 2010], lv denied 15 NY3d 920 [2010], quoting People v Lopez, 6 NY3d 248, 256 [2006]).
Nonetheless, as defendant contends and the People correctly concede, the "purported waiver of the right to appeal is not enforceable inasmuch as the totality of the circumstances fails to reveal that defendant 'understood the nature of the appellate rights being waived' " (People v Youngs, 183 AD3d 1228, 1228 [4th Dept 2020], lv denied 35 NY3d 1050 [2020], quoting People v Thomas, 34 NY3d 545, 559 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Here, "[t]he written waiver of the right to appeal signed by defendant [at the time of the plea] and the verbal waiver colloquy conducted by [the court] together improperly characterized the waiver as 'an absolute bar to the taking of a direct appeal and the loss of attendant rights to counsel and poor person relief,' as well as to 'all postconviction relief separate from the direct appeal' " (People v McMillian, 185 AD3d 1420, 1421 [4th Dept 2020], lv denied 35 NY3d 1096 [2020], quoting Thomas, 34 NY3d at 565; see People v Harlee, 187 AD3d 1586, 1587 [4th Dept 2020], lv denied 36 NY3d 929 [2020]). Moreover, neither the written waiver nor the colloquy contained adequate "clarifying language . . . that appellate review remained available for certain issues," thereby "indicating . . . that the right to take an appeal was retained" (Thomas, 34 NY3d at 564; see People v Parker, 189 AD3d 2065, 2066 [4th Dept 2020], lv denied 36 NY3d 1122 [2021]; People v Shantz, 186 AD3d 1076, 1077 [4th Dept 2020]). Where, as here, the "trial court has utterly 'mischaracterized the nature of the right a defendant was being asked to cede,' [this] '[C]ourt cannot be certain that the defendant comprehended the nature of the waiver of appellate rights' " (Thomas, 34 NY3d at 565-566; see Harlee, 187 AD3d at 1587; Youngs, 183 AD3d at 1229).
Although we are thus not precluded from reviewing defendant's challenge to the severity of his sentence, we nevertheless conclude that the negotiated sentence is not unduly harsh or severe.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court