People v Singletary (2022 NY Slip Op 04481)

People v Singletary

2022 NY Slip Op 04481

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND BANNISTER, JJ.

465 KA 17-01364

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KAREEM J. SINGLETARY, DEFENDANT-APPELLANT. 

JILL PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (GABRIELA E. WOLFE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered March 16, 2017. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends that his waiver of the right to appeal is invalid and does not foreclose his challenge to the severity of the negotiated sentence. The People correctly concede that the waiver of the right to appeal is invalid because Supreme Court's oral colloquy and the written waiver of the right to appeal provided defendant with erroneous information about the scope of the waiver and failed to identify that certain rights would survive the waiver (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v McMillian, 185 AD3d 1420, 1421 [4th Dept 2020], lv denied 35 NY3d 1096 [2020]). We nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court