People v McMorris (2023 NY Slip Op 01615)

People v Mcmorris

2023 NY Slip Op 01615

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

196 KA 20-00060

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LOUIS MCMORRIS, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered November 6, 2019. The judgment convicted defendant upon a plea of guilty of attempted criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. As the People correctly concede, defendant's waiver of the right to appeal is invalid inasmuch as County Court's explanation that the waiver would foreclose any review by a higher court "utterly 'mischaracterized the nature of the right [that] defendant was being asked to cede' " (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Youngs, 183 AD3d 1228, 1228-1229 [4th Dept 2020], lv denied 35 NY3d 1050 [2020]). Nevertheless, we conclude that the sentence is not unduly harsh or severe.
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court