People v Acoff (2023 NY Slip Op 03148)

People v Acoff

2023 NY Slip Op 03148

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

508 KA 19-02367

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CAITLYN ACOFF, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (SHIRLEY A. GORMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered September 27, 2019. The judgment convicted defendant, upon her plea of guilty, of arson in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed to a determinate term of five years, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a guilty plea of arson in the second degree (Penal Law § 150.15). As the People correctly concede, defendant's waiver of the right to appeal is invalid inasmuch as County Court's explanation that the waiver would foreclose any review by a higher court "utterly 'mischaracterized the nature of the right [that] defendant was being asked to cede' " (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Youngs, 183 AD3d 1228, 1228-1229 [4th Dept 2020], lv denied 35 NY3d 1050 [2020]). Defendant's conviction follows an incident wherein, under the influence of alcohol, defendant attempted to gain access to her locked apartment building by burning a hole in a plexiglass window with a lighter, resulting in the building itself catching fire. We agree with defendant that the sentence is unduly harsh and severe. We note that defendant contacted emergency services immediately upon the building catching fire, that she has previously and is currently engaged in treatment for alcohol abuse and mental health issues, and that the court credited her statement accepting responsibility and expressing remorse for the damage caused by her actions. Under the circumstances of this case, we modify the judgment as a matter of discretion in the interest of justice by reducing the sentence of imprisonment to a determinate term of five years, to be followed by the five-year period of postrelease supervision previously imposed by the court.
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court