People v Portis (2024 NY Slip Op 00573)

People v Portis

2024 NY Slip Op 00573

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND DELCONTE, JJ.

1036 KA 19-01826

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDRE PORTIS, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Sam L. Valleriani, J.), rendered August 6, 2019. The judgment convicted defendant upon a plea of guilty of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree
(§ 120.10 [1]), and three counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). We agree with defendant, and the People correctly concede, that his waiver of the right to appeal is invalid because County Court's oral colloquy and the written waiver of the right to appeal provided defendant with erroneous information about the scope of the waiver and failed to identify that certain rights would survive the waiver (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Washington, 208 AD3d 1649, 1649 [4th Dept 2022], lv denied 39 NY3d 965 [2022]; People v McMillian, 185 AD3d 1420, 1421 [4th Dept 2020], lv denied 35 NY3d 1096 [2020]).
Defendant's challenge to the constitutionality of Penal Law
§ 265.03 (1) (b) and (3) in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) is not preserved for our review (see CPL 470.05 [2]; People v McWilliams, 214 AD3d 1328, 1329 [4th Dept 2023], lv denied 39 NY3d 1156 [2023]; People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]). Moreover, as defense counsel correctly conceded at oral argument of this appeal, defendant's "challenge to the constitutionality of a statute must be preserved" (People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006], rearg denied 7 NY3d 742 [2006]; see People v Cabrera, — NY3d &mdash, &mdash, 2023 NY Slip Op 05968, *2-7 [2023]). We decline to exercise our power to review defendant's constitutional challenge as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
The sentence is not unduly harsh or severe.
As the People concede, however, the certificate of conviction must be corrected to reflect defendant's status as a second felony offender rather than a second violent felony offender (see People v Nelson, 206 AD3d 1703, 1704 [4th Dept 2022], lv denied 38 NY3d 1152 [2022]; People v Mobayed, 158 AD3d 1221, 1223 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]). In addition, as the People concede, the certificate of conviction erroneously states that the offense charged in count 5 of the indictment occurred on April 12, 2018, when the actual date of the offense was April 30, 2018. The certificate of conviction must also be amended to correct that [*2]clerical error (see generally People v McCoy, 174 AD3d 1379, 1382 [4th Dept 2019], lv denied 34 NY3d 982 [2019], reconsideration denied 35 NY3d 994 [2020]).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court