People v Cotugno (2024 NY Slip Op 00778)

People v Cotugno

2024 NY Slip Op 00778

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-08776
 (Ind. No. 858/20)

[*1]The People of the State of New York, respondent,
v
Paul Cotugno, appellant.

N. Scott Banks, Hempstead, NY (Tammy Feman and Dori Cohen of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Judith R. Sternberg and Autumn S. Hughes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. Schwartz, J.), rendered October 26, 2021, convicting him of unlawful surveillance in the second degree and criminal trespass in the third degree (two counts), upon his plea of guilty, imposing sentence, certifying him as a sex offender pursuant to the Sex Offender Registration Act, and requiring him, inter alia, to register as a sex offender and pay a $1,000 supplemental sex offender victim fee.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the provision thereof requiring the defendant to pay a $1,000 supplemental sex offender victim fee; as so modified, the judgment is affirmed.
The defendant pleaded guilty to unlawful surveillance in the second degree and criminal trespass in the third degree (two counts) and sought, pursuant to Correction Law § 168-a(2)(e), to be relieved of certification and registration as a sex offender pursuant to the Sex Offender Registration Act on his conviction of unlawful surveillance in the second degree (Penal Law § 250.45[2]). After a hearing, the Supreme Court denied the application, imposed the agreed upon sentence, certified the defendant as a sex offender pursuant to the Sex Offender Registration Act, and, inter alia, required him to register as a sex offender and pay a $1,000 supplemental sex offender victim fee. The defendant appeals.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal his certification as a sex offender (see generally People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). The People did not seek an appeal waiver as part of the plea bargain, but the Supreme Court required one in exchange for its sentence commitment. At the time of the defendant's purported waiver of the right to appeal the plea and sentence, the court indicated uncertainty as to whether it would require the defendant to waive appellate review of its determination on his then-pending application to be relieved of certification and registration as a sex offender. Following the court's denial of that application at a separate hearing, the appeal waiver issue was not revisited and no record was made of a waiver of the right to appeal the court's denial of the defendant's application. Accordingly, the [*2]record does not establish that the defendant validly waived appellate review of the issue (see generally People v Sutton, 184 AD3d 236).
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying his application to be relieved of certification and registration as a sex offender. Upon consideration of the nature and circumstances of the crime and the history and character of the defendant, the court properly concluded that registration would not be "unduly harsh and inappropriate" (Correction Law § 168-a[2][e]; see People v Yao, 212 AD3d 562, 562-563; People v Villalta, 167 AD3d 667, 668).
The defendant's contention that the Supreme Court improperly required him to pay a $1,000 supplemental sex offender victim fee is unpreserved for appellate review, as the defendant did not object at sentencing when the court imposed the fee (see CPL 470.05[2]; People v Buyund, 37 NY3d 532). Nonetheless, we reach the unpreserved contention in the exercise of our interest of justice jurisdiction (see CPL 470.15[3][c]; [6][a]). As the People correctly concede, the imposition of the $1,000 supplemental sex offender victim fee should be vacated because unlawful surveillance in the second degree is not one of the enumerated offenses for which that fee may be imposed (see Penal Law § 60.35[1][b]; People v Sosa, 211 AD3d 486, 487; People v Shantz, 186 AD3d 1076, 1078). We, therefore, modify the judgment accordingly.
BRATHWAITE NELSON, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court