People v Harper (2024 NY Slip Op 03642)

People v Harper

2024 NY Slip Op 03642

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

429 KA 18-02401

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GLENN W. HARPER, DEFENDANT-APPELLANT.

RYAN JAMES MULDOON, AUBURN, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (William K. Taylor, J.), rendered August 23, 2018. The judgment convicted defendant upon a guilty plea of assault in the second degree, grand larceny in the fourth degree, criminal obstruction of breathing and blood circulation and menacing in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, assault in the second degree (Penal Law § 120.05 [12]). Defendant contends that the guilty plea was improperly entered because information in the presentence report and statements defendant made at sentencing should have led Supreme Court to conduct an inquiry into defendant's mental health condition. That contention is not preserved for our review inasmuch as defendant did not move to withdraw the plea or to vacate the judgment of conviction, and the narrow exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666 [1988]) does not apply here (see People v Brown, 204 AD3d 1519, 1519 [4th Dept 2022], lv denied 38 NY3d 1069 [2022]; People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]). Contrary to defendant's contention, "a trial court has no duty, in the absence of a motion to withdraw a guilty plea, to conduct a further inquiry concerning the plea's involuntariness 'based on comments made by [the] defendant during . . . sentencing' " (Brown, 204 AD3d at 1519; see People v Garcia-Cruz, 138 AD3d 1414, 1415 [4th Dept 2016], lv denied 28 NY3d 929 [2016]) or based on information in a presentence report (see People v Wilson, 197 AD3d 1006, 1007 [4th Dept 2021], lv denied 37 NY3d 1100 [2021]; People v McMillian, 185 AD3d 1420, 1421 [4th Dept 2020], lv denied 35 NY3d 1096 [2020]; Garcia-Cruz, 138 AD3d at 1415). Moreover, nothing in the presentence report or statements defendant made at sentencing called into doubt the voluntariness of the plea (see generally Lopez, 71 NY2d at 666). Finally, we reject defendant's contention that the sentence is unduly harsh and severe.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court