People v Bryan (2026 NY Slip Op 01822)

People v Bryan

2026 NY Slip Op 01822

Decided on March 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 26, 2026

112777B
[*1]The People of the State of New York, Respondent,
vMessiah M. Bryan, Appellant.

Calendar Date:February 17, 2026

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Juan Luis Jaramillo, Albany, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Claire E. Hayes of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the Supreme Court (Andrew Ceresia, J.), rendered June 17, 2019 in Rensselaer County, convicting defendant upon his plea of guilty of the crime of disseminating indecent material to minors in the first degree.
Following an investigation into allegations that he had electronically transmitted lewd images to an underage victim, defendant was charged in a 2017 indictment with disseminating indecent material to minors in the first degree and endangering the welfare of a child. In August 2018, defendant agreed to plead guilty to the disseminating indecent material charge in full satisfaction of the indictment and waive his right to appeal upon the understanding that he would receive a sentence of six months in jail, to be followed by five years of probation. At the conclusion of the plea colloquy, Supreme Court advised defendant that if he violated certain conditions, which included not being arrested on any new charges prior to sentencing, he could face an enhanced sentence of up to 2⅓ to 7 years in prison and would not be afforded an opportunity to withdraw his plea.
The People subsequently informed Supreme Court that defendant had not been made aware that his conviction would result in his having to register as a sex offender and that, although he was already a registered sex offender as a result of a prior conviction, they believed that he was entitled to an opportunity to withdraw his guilty plea (see Correction Law § 168-a). Supreme Court then advised defendant at an October 2018 appearance that his plea would result in the need for him to register as a sex offender and pay related fees, after which defendant acknowledged that he had discussed the matter with counsel to his satisfaction and was declining the opportunity to withdraw his plea.
The next month, defendant indicated that he wanted to withdraw his guilty plea because he was innocent and the People indicated that they were seeking the imposition of an enhanced sentence because, among other things, defendant had been arrested on new charges. The matter was adjourned for approximately four weeks to allow defendant time to make a motion to withdraw his plea and for the People to respond. However, when the parties appeared on the adjourn date, no motion had been filed and defendant failed to appear. A bench warrant was issued. In April 2019, defendant was brought before Supreme Court on the bench warrant and, after the court adjourned the matter for one week, defendant moved to withdraw his plea, primarily asserting that he was innocent of the crime to which he pleaded guilty and had entered his plea under duress. Supreme Court denied that motion without a hearing. Thereafter, the court conducted an Outley hearing, determined that an enhanced sentence was appropriate because defendant had been indicted on new charges, and sentenced him to 1 to 3 years in prison. Supreme Court also directed him to register as a sex offender and to pay certain surcharges and fees. Defendant [*2]appeals.[FN1]
Defendant's initial challenge to the voluntariness of his plea would survive even a valid appeal waiver — which, as the People correctly acknowledge, defendant's appeal waiver was not — and was properly preserved via his motion to withdraw the guilty plea (see People v Scully, 242 AD3d 1259, 1259 [3d Dept 2025], lv denied 44 NY3d 1068 [2026]; People v Williams, 235 AD3d 1066, 1067 [3d Dept 2025]). Nevertheless, "[w]hether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of the trial court, withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement and an evidentiary hearing will be required only where the record presents a genuine question of fact as to the plea's voluntariness" (People v Roque, 234 AD3d 1050, 1051 [3d Dept 2025] [internal quotation marks and citations omitted], lv denied 43 NY3d 946 [2025]; see People v Scully, 242 AD3d at 1260). Here, defendant provided an affidavit in support of his motion in which he asserted in general terms that he had not committed the crime to which he pleaded guilty and that he only pleaded guilty under duress because he was being "bullied and assaulted" by a correction officer at the facility where he had been detained and did not want to return there to await trial. Those claims are belied by defendant's sworn statements during the plea colloquy, however, including his confirmation that he was voluntarily pleading guilty and that no one had "threatened, coerced or forced" him to do so, as well as his admission to the factual allegations underpinning the crime to which he pleaded guilty. As defendant's "self-serving and conclusory assertions of duress are [therefore] contradicted by the record, and his unsupported claim of innocence does not diminish the voluntariness of his plea," Supreme Court did not abuse its discretion in denying his motion to withdraw his guilty plea without a hearing (People v Roque, 234 AD3d at 1052; see People v Peterson, 225 AD3d 1098, 1100 [3d Dept 2024]; People v Nunnally, 224 AD3d 992, 993 [3d Dept 2024], lv denied 41 NY3d 1004 [2024]).[FN2]
Defendant next argues that he received the ineffective assistance of counsel on his motion to withdraw the plea in that, although counsel prepared that motion and advocated for it, counsel had also previously taken a position adverse to defendant that gave rise to a conflict of interest (see People v Fredericks, 43 NY3d 551, 559 [2025]; People v Ubrich, 238 AD3d 1273, 1274-1275 [3d Dept 2025]). To the extent that this argument is preserved for our review despite defendant's failure to raise it before Supreme Court (but see People v Robinson, 238 AD3d 1220, 1221 [3d Dept 2025], lv denied 43 NY3d 1058 [2025]), it is belied by the record. In that regard, the record shows that counsel only admitted that he did not know of a basis for a motion to withdraw when defendant first expressed interest in making one and that he needed to talk to defendant [*3]to assess the potential grounds for one, and later explained to Supreme Court how his difficulties in communicating with defendant had prevented him from preparing the motion in a timely manner, none of which undermined the arguments made in the motion itself and were instead proper "comments explaining his performance [that did not] create a conflict of interest warranting the assignment of new counsel" (People v Robinson, 238 AD3d at 1221; see People v Fredericks, 43 NY3d at 560-561; People v Nelson, 7 NY3d 883, 884 [2006]; People v McMillan, 220 AD3d 1119, 1122 [3d Dept 2023], lv denied 40 NY3d 1081 [2023]). Defendant's related contention that counsel failed to properly investigate the grounds for the motion involve "matters outside of the record [that] are more properly addressed in the context of a CPL article 440 motion" (People v Byrd, 239 AD3d 1146, 1147 [3d Dept 2025]).
Finally, defendant and the People are in agreement that, because defendant was not convicted of one of the offenses designated in Penal Law § 60.35 (1) (b), he should not have been directed to pay the supplemental sex offender victim fee of $1,000 required by that provision (see People v Cotugno, 224 AD3d 771, 772-773 [2d Dept 2024], lv denied 41 NY3d 982 [2024]; People v Shantz, 186 AD3d 1076, 1078 [4th Dept 2020]) . Assuming, without deciding, that the issue required preservation via an objection that was not registered here (compare People v Scott, 44 NY3d 302, 309-310 [2025], with People v Stebbins, 171 AD3d 1395, 1397 [4th Dept 2019], lv denied 33 NY3d 1108 [2019]), we nevertheless elect to take corrective action in the interest of justice and modify the judgment to vacate the supplemental sex offender victim fee (see CPL 470.15 [3] [c]; People v Cotugno, 224 AD3d at 772-773; People v Shantz, 186 AD3d at 1078).
Aarons, J.P., Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the supplemental sex offender victim fee; and, as so modified, affirmed.

Footnotes

Footnote 1: When this matter was previously before us, we rejected counsel's Anders brief, withheld decision and assigned new counsel to represent defendant (231 AD3d 1290, 1291 [3d Dept 2024]).

Footnote 2: To the extent that defendant preserved the issue by raising it in his motion to withdraw (cf. People v Nunnally, 224 AD3d at 993), the failure to advise him during the plea colloquy that registration as a sex offender and the imposition of related fees were collateral consequences of the plea did not "demonstrate that [the] plea was not knowing, voluntary and intelligent" (People v Gravino, 14 NY3d 546, 559 [2010]; see People v Neu, 1 AD3d 798, 798 [3d Dept 2003]). As defendant declined an opportunity to withdraw his plea after being advised of those consequences, it is also apparent they were not "of 'such great importance' [to him] as to fall within the 'rare' exception requiring that they be disclosed during the plea allocution" (People v Sanford, 171 AD3d 1405, 1407 [3d Dept 2019], quoting People v Gravino, 14 NY3d at 559).